**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| YOGLEN MARISOL PEREZ-GOMEZ, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Case No. 6: 26-cv-03398-MBB |
| | ) |
| JIM ARNOTT, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner Yoglen Marisol Perez-Gomez petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). Because Petitioner's detention does not violate the Due Process Clause, the petition is DENIED.

## Background

Petitioner, a citizen of Venezuela, entered the United States illegally around November 2021. (**Doc. 1**, p. 1). She was taken into custody by Immigration and Customs Enforcement ("ICE") on June 27, 2026, after being stopped and detained "pursuant to an immigration warrant." (*Id*.). She is currently detained at the Greene County Jail in Springfield, Missouri. (*Id*.).

On July 10, 2026, Petitioner filed this Petition for Writ of Habeas Corpus. (**Doc. 1**). She argues that she is being wrongfully detained in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. (*Id*. at 11-15). She asks that the Court order her immediate release or, alternatively, order a bond hearing. (*Id*. at 19-20

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges regarding the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687

(2001).  "Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief."  *Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979).  Petitioner fails to carry the burden.  Her mandatory detention does not violate the Due Process Clause.

I.      **Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

The Fifth Amendment to the U.S. Constitution "forbids the government to infringe certain 'fundamental' liberty interests *at all,* no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  *Reno v. Flores*, 507 U.S. 292, 302 (1993).  Fundamental liberty interests are those that are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty no justice would exist if they were sacrificed."  *Minnesota Deer Farmers Ass'n v. Strommen*, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted).  A petitioner raising a substantive due process claim must carefully describe the fundamental liberty interest at issue.  *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997).  A statute regulating non-fundamental liberty interests must merely be "rationally related to legitimate government interests" to be constitutional.  *Id*. at 728.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas*, 533 U.S. at 690 (citation omitted).  But detention during removal proceedings is "a constitutionally valid aspect of the deportation process" because Congress can make rules regarding aliens that would not be acceptable if applied to citizens.  *Demore v. Kim*, 538 U.S. 510, 523-26 (2003).

Petitioner argues that her detention violates substantive due process because it "operates as punishment imposed without the procedural safeguards required in criminal proceedings."  (**Doc. 1**, p. 7).  Petitioner does not provide a "careful description" of the fundamental liberty interest

implicated by her detention – she merely says her "interest in freedom from detention is profound." (*Id.* at 18). *See Glucksberg*, 521 U.S. at 721. Removable aliens do not have a fundamental liberty interest in release pending deportation proceedings. *See Demore*, 538 U.S. at 523, n.7 ("[P]rior to 1907, there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings"). *See also Romero v. Brown* 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). The Eighth Circuit has held detention pending removal proceedings constitutional when "deportation is still on the table." *See Baynee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024). Detention pending removal proceedings is rationally related to a legitimate government interest: successful removal of inadmissible aliens who are ordered removed. *See Demore*, 538 U.S. at 528.

II. **Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner also asserts that her detention violates procedural due process protections. (**Doc. 1**, pp. 9-10). Specifically, she says the Government violated her due process rights by failing to provide a guaranteed individualized custody determination. (*Id.* at 9-10, 18). But aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute." *See Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), which requires detention pending removal proceedings. She acknowledges that § 1225(b)(2)(A) applies to her. (**Doc. 1**, pp. 11-15). Because the legislative scheme provides for mandatory detention, procedural due process requires no more. *See Baynee*, 115 F.4th at 932.

**Conclusion**

Petitioner is an "applicant for admission" who is "seeking admission" under Section 1225(b).  Her mandatory detention does not violate constitutional due process protections.  The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2026